# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0491, <u>C.R. v. S.K.</u>, the court on January 26, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant appeals an order of the Circuit Court (<u>Hall</u>, J.), issued following a hearing, granting a civil stalking final order of protection in favor of the plaintiff. <u>See</u> RSA 633:3-a (Supp. 2023). We affirm.

A person commits the offense of stalking if, among other things, that person "[p]urposely, knowingly, or recklessly engages in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety or the safety of a member of that person's immediate family, and the person is actually placed in such fear." RSA 633:3-a, I(a). The plaintiff bears the burden to prove "stalking" by a preponderance of the evidence. RSA 633:3-a, III-a; <u>Fisher v. Minichiello</u>, 155 N.H. 188, 190 (2007).

On appeal, the defendant contends, in part, that the evidence was insufficient to support a finding that she stalked the plaintiff. We review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or erroneous as a matter of law. <u>Fisher</u>, 155 N.H. at 190. "We accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony." <u>Id</u>. We view the evidence in the light most favorable to the prevailing party, here, the plaintiff. <u>See</u> <u>id</u>.

In this case, the record demonstrates that both parties submitted numerous exhibits during the hearing, including copies of text messages, social media posts, and other evidence pertaining to the facts and circumstances giving rise to the stalking petition. The defendant, however, has failed to provide this court with copies of those exhibits for our review. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004) (holding that "[i]t is the burden of the appealing party . . . to provide this court with a record sufficient to decide her issues on appeal"). Accordingly, absent copies of the exhibits adduced during the hearing, we must assume that they support the result reached by the trial court, <u>see</u> <u>id</u>., and, therefore, we cannot conclude that the trial court's decision was unsupported by the evidence, <u>see</u> <u>Fisher</u>, 155 N.H. at 190. We note that these rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

The defendant's remaining arguments are not preserved, <u>see</u> <u>State v. Blackmer</u>, 149 N.H. 47, 48, 49 (2003), or do not warrant further discussion, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).  Further, any issues raised in the defendant's notice of appeal that were not briefed are waived.  <u>See</u> <u>In re Estate of King</u>, 149 N.H. 226, 230 (2003).

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**